UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE SIMPSON,

        Plaintiff,

v.

        Case Number 10-10565
        Honorable David M. Lawson
        Magistrate Judge Mark A. Randon

ED HIGHTOWER, LARRY NUNNERY,
MARY PLUMMER, HUGH
WOLFENBARGER, and PATRICIA CARUSO,

        Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING
PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL COMPLAINT,
AND DISMISSING PLAINTIFF'S COMPLAINT**

On February 2, 2010, plaintiff Jimmie Simpson, a prisoner in the custody of the Michigan Department of Corrections (MDOC), filed a *pro se* complaint alleging violations of his civil rights under 42 U.S.C. § 1983. At the time he filed the lawsuit, Simpson was confined at the Macomb Correctional Facility in New Haven, Michigan (MRF), although he since has been transferred to the Kinross Correctional Facility in Kincheloe, Michigan. In his complaint, the plaintiff alleges that he was denied due process of the law in violation of the Fourteenth Amendment when prison officials refused to allow him to have a pair of headphones not listed on MRF's approved property list. On March 22, 2010, the Court entered a general order of reference to Magistrate Judge Mark A. Randon to conduct pretrial proceedings. The defendants then filed two motions for summary judgment, one on November 18, 2010 and one on March 18, 2011, and the plaintiff filed a motion to supplement his complaint on March 3, 2011. Magistrate Judge Randon filed a report on May 26, 2011 recommending that the Court grant the defendants' motions for summary judgment and deny the

plaintiff's motion to file a supplemental complaint. The plaintiff filed timely objections, and the matter is before the Court for *de novo* review. The Court agrees with the magistrate judge and therefore will grant the defendants' motions for summary judgment, deny the plaintiff's motion to file a supplemental complaint, and dismiss the plaintiff's complaint.

I.

As the magistrate judge accurately explained, the plaintiff filed suit against several prison officials and employees under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights by denying him possession of an unauthorized brand of audio headphones in prison. The magistrate judge recommended that the Court grant the defendants' motion for summary judgment because the plaintiff failed to establish a constitutionally protected liberty interest in possessing a particular pair of headphones, some of the defendants were protected by either Eleventh Amendment immunity or qualified immunity, and the plaintiff failed to allege specific and individualized conduct on the part of each defendant that amounted to a violation of his constitutional rights. Because the magistrate judge recommended that all of the plaintiff's federal claims be dismissed, he also recommended that the federal court decline to exercise supplemental jurisdiction and dismiss the plaintiff's state law claims without reaching their merits. Finally, the magistrate judge recommended that the Court deny the plaintiff's motion to supplement his complaint because the plaintiff's additional allegations were factually unconnected to the claims in the instant action and lacked merit.

The plaintiff filed timely objections challenging each section of the magistrate judge's report and recommendation on two main grounds. First, the plaintiff challenged the factual basis for the magistrate judge's recommendation, arguing that the magistrate judge failed to consider the plaintiff's "factual undisputed affidavit," Pl.'s Resp. to Def.'s Mot. for Summ. J., Ex. 1, Pl.'s Supp.

Materials at 27, improperly weighed the evidence by relying on the defendants' version of the facts, and granted the defendants' motion for summary judgment on grounds not raised in the defendants' motion papers. The plaintiff's other substantive objection focuses on the magistrate judge's reliance on MDOC policy directive PD 04.07.122, which the plaintiff alleges is invalid because it was not properly promulgated under the Administrative Procedures Act.

II.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

The plaintiff objects to the factual summary recited by the magistrate judge in his report. To support that objection, the plaintiff points to his factual affidavit, which he alleges the magistrate judge failed to consider. However, a review of the affidavit and the magistrate judge's report leads the Court to conclude that the magistrate judge relied on the plaintiff's complaint in summarizing the facts of the case, and the facts alleged in the plaintiff's affidavit are substantially the same as those alleged in the complaint. *See* Rep. & Rec. at 2-3; Am. Compl.; Pl.'s Resp. to Mot. for Summ. J., Ex. 1, Pl.'s Supp. Materials at 27 (presenting facts that are identical to those in ¶¶ 1-29 of the complaint and facts duplicative of those in ¶¶ 30-37 of the complaint). Therefore, the Court finds that the magistrate judge considered the facts in the plaintiff's affidavit when making his recommendation.

The plaintiff also alleges that the defendants did not provide sufficient factual evidence to justify summary judgment in their favor and contends that the magistrate judge must have weighed the evidence improperly or failed to consider the evidence in the light most favorable to the plaintiff. However, the plaintiff has not provided any details about the alleged deficiencies in the defendants' factual record or identified any specific portions of the factual record that are lacking. "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections," *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). The factual summary stated by the magistrate judge fairly recounts the undisputed facts of the case and provides a sound basis for the legal conclusions that follow.

The plaintiff alleges that the defendants did not address in their motion papers whether the plaintiff had established a constitutionally protected liberty interest, and the magistrate judge should not have recommended summary judgment for the defendants on that basis. The plaintiff raises an

identical argument regarding the magistrate judge's conclusion that the defendants are entitled to qualified immunity. The motion papers undercut the factual premise of that objection because the defendants do raise these arguments in their motions for summary judgment. *See* Def. Hightower's and Plummer's Br. in Support of Mot. for Summ. J. at 9 (arguing that the plaintiff "fail[ed] to demonstrate that Defendants violated any due process rights" because the plaintiff could not show that he had a protected liberty or property interest); *id.* at 12; Def. Wolfenbarger's, Caruso's Br. in Support of Mot. for Summ. J. at 7 (both arguing that the defendants are entitled to qualified immunity because they "acted reasonably at all times.").

Although only defendants Wolfenbarger and Caruso raised the issue whether the plaintiff established a constitutional right to his headphones, their motion "put [the plaintiff] on notice that, to survive summary judgment, [he] had to come forward with evidence" showing he had a constitutional right to his headphones. *Grand Rapids Plastics, Inc. v. Lakian*, 188 F.3d 401, 407 (6th Cir. 1999). Despite that notice, the plaintiff has not presented any authority that establishes a constitutionally protected liberty or property interest in having a specific type of headphones in prison, and the Court can find none. As a result, the Court finds that summary judgment for the defendants on the plaintiff's due process claims is appropriate.

The plaintiff objects to the magistrate judge's failure to address the validity of the MDOC policy directive governing prisoner personal property, PD 04.07.112. According to the plaintiff, the policy is invalid because it was not promulgated in accordance with the Michigan Administrative Procedures Act (APA), and implementing it against the plaintiff violates his due process rights. However, even if the policy directive were not promulgated appropriately, the plaintiff's ultimate

claim must fail because he has not established that he has a constitutionally protected interest in his headphones.

To establish a procedural due process violation, the plaintiff must show that (1) he has a life, liberty, or property interest protected by the Constitution; (2) he was deprived of that interest by a state actor; and (3) he was not afforded timely and adequate process under law. *Waeschle v. Dragovic*, 576 F.3d 539, 544 (6th Cir. 2009). The Supreme Court has held that "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for a crime," although those rights are "diminished by the needs and exigencies of the institutional environment." *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). Under the Fourteenth Amendment, a prisoner retains certain aspects of the protection against the deprivation of liberty without due process of law, but "[t]he Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed." *Grinter v. Knight*, 532 F.3d 567, 573 (6th Cir. 2008) (internal quotations omitted).

Liberty interests "emanate[] from two discrete sources: (1) state law can establish a protectable liberty interest, or (2) the Constitution can create a liberty interest when a condition or restraint is so egregious as to implicate the Due Process Clause itself." *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005) (internal citations omitted). The Court does not believe that the fact that the plaintiff was deprived of his Koss R-80 headphones is sufficiently egregious to implicate a constitutionally created due process right. The plaintiff contends that Michigan Administrative Code Rule 791.6637 "vests prisoners with a right to receive, keep and possess personal property." *Id.* ¶ 59. However, state-created liberty interests are "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due

Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *United States v. Sandin*, 515 U.S. 472, 484 (1995).  As the magistrate judge observed, there is no evidence that the plaintiff experienced "atypical and significant hardship" because he was denied possession of a certain type of headphones, and therefore the Court does not find that the plaintiff established a state-created liberty interest in his headphones.

"Property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972) (internal quotation marks omitted)).  To have a property interest, "a person clearly must have more than an abstract need or desire for [a certain benefit].  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  *Roth*, 408 U.S. at 577.  The plaintiff argues that Michigan Administrative Code Rule 791.6637(4), which is no longer in effect, creates such an entitlement. Am. Compl. ¶ 57.  However, the Sixth Circuit has held that "[p]rison regulations allow an inmate to obtain [certain] accommodations, but also place certain restrictions and availability on those accommodations.  Ultimately, the decision to grant or deny an accommodation lies within the discretion of the prison warden." *Russell v. Wilkinson*, 79 F. Appx 175, 178 (6th Cir. 2003).  Therefore, the plaintiff has not cited a state law or other independent source that entitles him to possession of the brand of headphones withheld from him.

The plaintiff has failed to establish either a protected liberty or property interest in possession of the headphones. Therefore, the plaintiff has not satisfied the first requirement of a due process claim and his claim must fail. *Waeschle v. Dragovic*, 576 F.3d 539, 544 (6th Cir. 2009). The Court need not address the plaintiff's argument that the MDOC policy is invalid and deprives him of due process. The Court notes, however, that it previously has held that a plaintiff cannot establish a due process violation by arguing that an MDOC policy was not promulgated according to the APA. *Simmons v. Wolfenbarger*, No. 06-13769, 2006 WL 2974008, at *2 (E.D. Mich. Oct. 10, 2006) (quoting *Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005) (holding that "the failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation.")).

The plaintiff also objects to the Court's finding of qualified immunity for the prison officials because that finding is predicated on PD 04.07.112, which he alleges is invalid. Pl.'s Obj. at 6-7. "To overcome a qualified-immunity defense in the setting of a constitutional tort, a plaintiff must establish (1) that the defendant violated a 'constitutional right' and (2) that the right 'was clearly established.'" *Leary v. Livingston Cnty.*, 528 F.3d 438, 441 (6th Cir. 2008) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Qualified immunity is an affirmative defense that protects officers from liability for civil damages when their conduct does "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once the defense is raised, the plaintiff has the burden of demonstrating a violation of a constitutional right and showing that the right was clearly established. *Barrett v. Steubenville City Sch.*, 388 F.3d 967, 970 (6th Cir. 2004).

Viewing the evidence in the light most favorable to the plaintiff, the Court finds that the plaintiff has not established a violation of his constitutional rights at the hands of these defendants. As a Court previously determined, the plaintiff did not have the liberty or property interest in the headphones that would be necessary to establish a violation of his rights. Since there was no violation of his rights, "there is no necessity for further inquiries concerning qualified immunity." *Causey v. City of Bay City*, 442 F.3d 524, 531 (6th Cir. 2006) (quoting *Saucier*, 533 U.S. at 201). The Court need not address the validity of MDOC PD 04.07.112.

The plaintiff's objections to the magistrate judge's recommendation that the Court dismiss the plaintiff's state law claims and deny the plaintiff's motion to file a supplemental complaint are not sufficiently specific. Pl.'s Obj. at 7-15. Objections that are too general do not satisfy the objection requirement. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). The plaintiff simply restates the factual allegations he made previously without providing any indication of how the magistrate judge's conclusions might be in error. *Ibid.* "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error are too general." *Spencer*, 449 F.3d at 725 (internal quotations omitted). Moreover, a court has discretion to "decline to exercise supplemental jurisdiction" over state law claims that are joined with federal claims. 28 U.S.C. § 1367(c). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Because the plaintiff's federal claims are meritless, there is no good reason to expend federal judicial resources to adjudicate matters well within the competence of the state judiciary.

III.

The Court finds that the magistrate judge's determination of the issues presented by the plaintiff's complaint and the defendants' motions was correct.  Therefore, the Court will adopt the report and recommendation, deny the plaintiff's objections to the report and recommendation, grant the defendants' motions for summary judgment, deny the plaintiff's motion to file a supplemental complaint, and dismiss the plaintiff's complaint.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #42] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #47] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion to file a supplemental complaint [dkt. #33] is **DENIED**.

It is further **ORDERED** that the defendants' motions for summary judgment [dkt. #21, 36] are **GRANTED**.

It is further **ORDERED** that the federal claims stated in the plaintiff's amended complaint [dkt. #11] and supplemental complaint [dkt. # 34] are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   August 9, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 9, 2011.

                                     s/Deborah R. Tofil
                                     DEBORAH R. TOFIL