UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE SIMPSON,

        Plaintiff,

v.

                                    Case Number 10-10565
                                    Honorable David M. Lawson
                                    Magistrate Judge Mark A. Randon

ED HIGHTOWER, LARRY NUNNERY,
MARY PLUMMER, HUGH
WOLFENBARGER, and PATRICIA CARUSO,

        Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On February 2, 2010, the plaintiff, who is currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* complaint alleging violations of his civil rights under 42 U.S.C. § 1983. In his complaint, the plaintiff alleges that he was denied due process of the law in violation of the Fourteenth Amendment when prison officials refused to allow him to have a pair of headphones not listed on MRF's approved property list. On March 22, 2010, the Court entered a general order of reference to Magistrate Judge Mark A. Randon to conduct pretrial proceedings. The defendants then filed two motions for summary judgment, one on November 18, 2010 and one on March 18, 2011, and the plaintiff filed a motion to supplement his complaint on March 3, 2011. Magistrate Judge Randon filed a report on May 26, 2011 recommending that the Court grant the defendants' motions for summary judgment and deny the plaintiff's motion to file a supplemental complaint. On August 9, 2011, the Court entered an order adopting the Magistrate Judge's report and recommendation.

    Presently before the Court is the plaintiff's motion for reconsideration of the Court's order adopting the Magistrate Judge's report and recommendation. Motions for reconsideration may be

granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

The Court concludes that the plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3). In his motion for reconsideration, the plaintiff raises only issues that have been considered already and decided by the Court. The petitioner's motion for reconsideration provides no new grounds for the Court's review. Therefore, the Court will deny the plaintiff's motion for reconsideration.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt #50] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: September 6, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 6, 2011.

s/Deborah R. Tofil  
DEBORAH R. TOFIL