UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE SIMPSON,

                Plaintiff,

v.
                                        Case Number 10-10565
                                        Honorable David M. Lawson
                                        Magistrate Judge Mark A. Randon

ED HIGHTOWER, LARRY NUNNERY,
MARY PLUMMER, HUGH
WOLFENBARGER, and PATRICIA CARUSO,

                Defendants.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

On August 9, 2011, the Court entered an order adopting the magistrate judge's report and recommendation, granting the defendants' motion for summary judgment, and dismissing the plaintiff's complaint. The Court entered judgment on the same date. The plaintiff filed a motion for reconsideration on August 25, 2011, which the Court denied on September 6, 2011. Presently before the Court is the plaintiff's motion for relief from judgment, filed on March 26, 2012. The plaintiff argues that the Court improperly relied on an unpublished decision in its August 9, 2011 order.

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for the six following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).

A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981). Relief from a judgment or order under Federal Rule of Civil Procedure 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). Rule 60(b) "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001); *see also* E.D. Mich. LR 7.1(g)(3) ("[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."). In order to qualify for relief under Rule 60(b), "a party seeking relief from judgment must show the applicability of the rule." *Ibid*.

The plaintiff states that is he proceeding under Federal Rule of Civil Procedure 60(a)(b)(1). Presumably the plaintiff intends to proceed under Rule 60(b)(1), which provides that a court may grant relief in cases of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The rule "governs instances where the mistake was based upon legal error." *Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir. 2007) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). The plaintiff challenges the Court's use of an unpublished decision in its order dismissing the plaintiff's complaint. While it is true, as the plaintiff states, that unpublished decisions are not binding precedent, unpublished decisions properly are considered for their persuasive value. *See Crump v. Lafler*, 657 F.3d 393, 405 (6th Cir. 2011). Therefore, the

Court did not err in considering and citing an unpublished decision. Further, as noted above, a motion for relief from judgment may not be used to relitigate "the merits of the underlying judgment." *Jinks*, 250 F.3d at 385. The plaintiff has not presented any issues that have not already been considered and decided by the Court. The Court must deny the plaintiff's motion for relief from judgment.

Accordingly, it is **ORDERED** that the plaintiff's motion for relief from judgment [dkt. #52] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 29, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 29, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL